```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

JEFFREY SCOTT QUINTANA,          §
                                 §
v.                               §   CIVIL ACTION NO.4:14-CV-472-Y
                                 §
UNKNOWN AGENTS,                  §
City of Fort Worth               §
Police Department, et al.        §

### OPINION and ORDER OF PARTIAL DISMISSAL
### UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff Jeffrey Scott Quintana's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Quintana, then housed in the Tarrant County jail,[1] filed a civil-rights complaint seeking relief under 42 U.S.C. § 1983. (Compl. at 1.) That provision authorizes a person to seek recovery for alleged violations of the United States Constitution or federal law by a person acting color of law.[2] In his complaint, Plaintiff named as defendants the City of Fort Worth, Texas police department; unknown agents of the Fort Worth police department; and Fort Worth Officer S. Kelm. (Compl., Style; § IV.) In response to this Court's order, Quintana filed a more definite statement including answers to the Court's questions regarding his underlying facts and claims. (More Definite statement (MDS).) Plaintiff Quintana sought monetary damages of $100,000.00

---

[1] Plaintiff Quintana is now housed at the Texas Department of Criminal Justice ("TDCJ")'s Cole State Jail unit.

[2] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .." 42 U.S.C.A. § 1983 (West 2012).

and return of $8,000.00 in cash he alleges was taken from his car at the time of his arrest by Fort Worth police. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a part of the Prison Litigation Reform Act (PLRA), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the complaint and more definite

2

statement under these standards, the Court concludes that many of Quintana's claims must be dismissed.

Plaintiff Quintana alleges in his complaint that he was arrested on May 14, 2014, after an automobile accident, and charged with evading arrest and with manufacture and delivery of a controlled substance, in violation of his right to equal protection of the laws. (Compl. § V.) He pursues this claim against the Fort Worth Police Department, unknown agents, and Officer Kelm. He also alleges that Officer Kelm took $8,000.00 in cash from his vehicle. He also alleges that he was not given medical attention for several days after the motor vehicle accident.(Compl. § V.) In a more definite statement answering the Court's questions, Quintana provided further information.

With regard to the Fort Worth Police Department, the capacity of an entity to be sued is "determined by the law of the state in which the district court is held." Fed R. Civ. P. 17(b). Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued." *Dillon v. Jefferson County Sheriff's Department,* 973 F.Supp. 626, 627 (E.D. Tex. 1997). This Court and other federal courts in Texas have consistently held that for a plaintiff to sue a municipal department, the department must have a separate legal existence. *See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991)(noting that under Texas law, absent authorization from a municipality to allow suit against one of its

3

subdivisions as an independent entity, suit cannot proceed against that department); *see also Buckley v. Dallas County,* No. CIV.A.3:97-CV-1649-G, 1999 WL 222380, *2 (N.D. Tex. April 13, 1999)(Lynn, J.) (citations omitted). In response to the order for a more definite statement, which informed Quintana of this applicable law, he has asked the Court to only consider any claim against the police department as against the City of Fort Worth, Texas. Thus, the Fort Worth Police Department will be dismissed as a defendant,

With regard to Plaintiff's listing of unnamed agents, although he named the City of Fort Worth and its "agents", he wholly failed to identify any additional individual defendants by name, description, or by recitation of particular facts against any additional person. (MDS, at 3.) As such, Quintana has not stated claims against any "unnamed agents", and such parties must be dismissed.

Next, with regard to Plaintiff's allegation that his rights to equal protection guaranteed by the U.S. Constitution were violated, when asked by the Court to provide a statement "of any facts relating to each portion of these allegations", Plaintiff listed no facts or additional claims to support any violation of the equal-protection clause. Thus, his claim of an equal-protection violation must also be dismissed.

Plaintiff alleged that Officer Kelm was responsible for taking $8,000.00 from his car at the time of his arrest. But when the Court asked him to provide more detail in support of this claim, he wrote: "U.S. currency was returned by [State] Court order [to his

4

attorney's trust account] and [such claims] are settled and [he] does not wish to allege injuries sustained by - the policies of the City of Fort worth, Texas regarding seized U.S. currency; Plaintiff moves the Court to remove from review." (MDS at 7-8.) He accompanied this statement with a copy of a letter from his counsel acknowledging receipt of payment from the City of Fort Worth. As it is clear that Plaintiff resolved and settled his claim relating to the return of $8,000.00, the corresponding claim filed in this case will be dismissed.

Next, Plaintiff alleges a "failure to give him medical attention after motor vehicle accident." (Compl. § V.) As to this allegation, the Court directed Plaintiff to

> Identify any person you seek to name as a defendant related to this allegations, and state any specific facts related to each portion of these allegations, such as the time the event took place, the names of any persons involved, what injury or condition you allege required medical attention, any medical care that was provided to you, and by whom.

(Order for MDS, 3.) In response, Plaintiff recited that the "City of Fort Worth, Texas and the subdivisional [sic] agents in charge, including Officer Kelm and unknown agents." (MDS at 6.) But other than claiming that he sustained a "head concussion requiring neurological assessment," he states no facts of any conduct by Officer Kelm related to this allegation. Furthermore, to the Court's separate request for him to state any other specific facts of how "Officer Kelm was personally involved in any of the allegations made the basis of the complaint", Plaintiff provided no additional

5

answer. (Order for MDS, 4; MDS at 7.) A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986)("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate[s] the defendants' participation in the wrong alleged"). Because Plaintiff has not alleged any additional facts relating to the actions of Officer Kelm, any remaining claims against Officer Kelm must be dismissed.

The only remaining claim before the Court is plaintiff Quintana's claim against the City of Fort Worth, Texas, for the failure to provide him any medical assessment for four days--from May 14 until May 18.(MDS at 7-8.) Plaintiff alleges that after those four days, he was seen by medical providers of the Tarrant County Sheriff's Department.(MDS at 8.) Plaintiff has filed several motions with this Court, essentially asking for the opportunity to supplement this claim as to the City of Fort Worth, Texas. By separate order issued this same day, the Court will allow Quintana to file a supplement to his existing pleadings. This claim will remain pending before the Court at this time.

*Dismissal*

6

Therefore, the following claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)B)(i) and (ii); all claims against any unknown agents, all claims against the Fort Worth Police Department, all claims against Officer Kelm, all claims related to the taking of $8,000.00, and all claims that Plaintiff was subjected to a violation of the right to equal protection of law.

SIGNED May 23, 2016.

                                    _____
                                    TERRY R. MEANS
                                    UNITED STATES DISTRICT JUDGE