IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JEFFREY SCOTT QUINTANA,      §
                             §
v.                           §   CIVIL ACTION NO.4:14-CV-472-Y
                             §
CITY OF                      §
FORT WORTH, TEXAS,[1] et al. §

OPINION and ORDER OF DISMISSAL OF REMAINING CLAIM
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The Court by opinion and order entered May 23, 2016, dismissed the bulk of pro-se plaintiff Jeffrey Scott Quintana's claims and defendants under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The court provided Quintana a chance to file a supplemental complaint as to the remaining claim against the City of Fort Worth, Texas, for an alleged failure to provide him any medical assessment or care after his arrest. Plaintiff has now filed the supplemental complaint limited to the claim against the City of Fort Worth, Texas. (Supp. Compl. (Doc. 31).)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the

---

[1]As the Court previously dismissed all of Plaintiff's claims against all other defendants, the style should now list remaining defendant City of Fort Worth, Texas as the lead defendant.

action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a part of the Prison Litigation Reform Act (PLRA), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the supplemental complaint under these standards, the Court concludes that plaintiff Quintana's claim against the City of Fort Worth, Texas must be dismissed.

**No Municipal Liability**

Plaintiff has named the City of Fort Worth, Texas, as a defendant. Although a city or county is a "person" within the meaning of 42 U.S.C. § 1983[2] a municipal government may not be held

---

[2]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson,* 563 U.S. 51, 59 (2011) (quoting *Monell,* 436 U.S. at 692); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry,* 423 F. App'x. 447, 450 (5th Cir. 2011) (quoting *Connick,* 563 U.S. at 60.)

Quintana has not provided any factual allegations whatsoever of the existence of a policy or custom of the City of Fort Worth

that resulted in a violation of his rights.  Rather, he asks the Court to "identify those officials or governmental bodies who speak with final policy making authority for local agents/municipality." (Supp. Compl. (Doc. 31) at 3.) But the Court's role is not to investigate and make Plaintiff's claims for him. Otherwise, Plaintiff recites again that he was without medical care for an alleged head injury for 72 hours (doc. 31, at 4,9), and he then focuses his writings on an alleged failure by the City of Fort Worth to train employees:

> [P]olicy or policymakers are liable by failing to train or instruct its agents to implement medical protocols; (Doc. 31, at 1)

> [The] defendant's inadequate training or failure to adopt policies necessary to prevent these constitutional violations is the moving force in this action; (doc. 31, at 6)

> Medical care should have been given without delay and there must be a policy imposing municipal-supervisory liability concerning this action; (doc. 31, at 7)

But these allegations include no facts of conduct by anyone on behalf of the City of Fort Worth, and no particular facts of who was not trained, and how that lack of training related to his alleged injury, or how any lack of training related to a deliberate indifference to the risk of injury to him. In the *Connick* case the Supreme Court clarified that a failure-to-train basis of liability against a municipality entails a stringent standard of fault:

> A municipality's culpability for deprivation of rights is at its most tenuous where a claim turns on a failure to train . . . To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into

4

> contact.  Only then can such a shortcoming be properly
> thought of as a city policy or custom that is actionable
> under § 1983.

*Connick,* 563 U.S. at 61 (internal quotation marks and citations omitted).  Plaintiff has failed to allege any facts against the City of Forth Worth, Texas, that meet this standard.  Accordingly, Plaintiff's only remaining claim must be dismissed.

*Order*

Plaintiff's remaining claim against the City of Fort Worth, Texas, is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)B)(i) and (ii).

SIGNED November 2, 2016.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE